# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

JUAN R. TORRUELLA

          Plaintiff,

    v.

TRANSAMERICA LIFE INSURANCE CO., GLOBAL INSURANCE AGENCY,

          Defendants.

Civil Action No. 3:16-cv-02695 (BJR)

MEMORANDUM OPINION DENYING PLAINTIFFS' MOTION TO REMAND.

Currently before the Court is Plaintiffs' Motion to Remand (Doc. No. 39). The Motion is DENIED.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 22, 2016, Plaintiff Juan Torruella filed a complaint in Puerto Rico Superior Court against Defendants Transamerica Insurance Company and Global Insurance Agency. (Doc. No. 1 Ex. 4.) Plaintiff alleged that Defendants unlawfully increased the monthly premium payments required to maintain Plaintiff's life insurance policy, contrary to the policy's terms and conditions. (*Id.* at 9-10.) On September 21, 2016, Defendants filed a Notice of Removal to federal court on the basis of diversity jurisdiction. (Doc. No. 1.) Plaintiff is a citizen of Puerto Rico, Transamerica is a citizen of Iowa, and Global Insurance Agency is a citizen of Puerto Rico. Defendants argued that Global Insurance Agency was fraudulently joined, and complete diversity supporting federal jurisdiction existed between Plaintiff and Transamerica. (*Id.*) In its November 14, 2016 Order, the Court agreed with Plaintiff that Global Insurance Agency was fraudulently joined and denied Plaintiff's motion to remand. (Doc. No. 23.)

Plaintiff filed an Amended Complaint on February 7, 2017, which added Plaintiff's wife Judith Writ de Torruella as a co-plaintiff, and asserted a new tort claim and a claim of damages for breach of contract against Defendants. (Doc. No. 38.) Two days later Plaintiffs filed a Motion to Remand, arguing that Global Insurance Agency is no longer fraudulently joined under the new allegations in the Amended Complaint. (Doc. No. 39.) Defendants oppose the Motion. (Doc. No. 42.)

## II. DISCUSSION

Plaintiff's Amended Complaint does not require remand because jurisdiction is determined according to the complaint as it existed at the time of removal. The Court has already determined that diversity jurisdiction existed at the time of removal because Global Insurance Agency was fraudulently joined. An amendment to the Complaint cannot oust the Court of that jurisdiction.

"[W]hether jurisdiction exists is determined based on the state of the complaint at the time of removal." *Magerer v. John Sexton & Co.*, 912 F.2d 525, 529 (1st Cir. 1990); *accord Montanez v. Solstar Corp.*, 46 F. Supp. 2d 101, 103–04 (D.P.R. 1999) ("In determining whether a resident defendant was fraudulently joined, the court must examine the complaint as it existed at the time the petition for removal was filed."). "[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007).

In *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995), the Fifth Circuit held that plaintiffs could not divest the federal court of jurisdiction by amending their complaint after removal. The plaintiffs in *Cavallini* filed suit in state court against their insurance company and nondiverse insurance agent for breach of contract and other claims. 44 F.3d at 258. The

2

Defendants removed to federal court, claiming that the insurance agent's joinder was fraudulent. *Id.* The district court denied the plaintiffs' motion to remand and, after plaintiffs filed a motion to amend their complaint, determined that the insurance agent had been fraudulently joined and dismissed the claims against him with prejudice. *Id.* The Fifth Circuit affirmed the district court's decision that "a complaint amended post-removal cannot divest a federal court of jurisdiction." *Id.* at 264. The Court explained:

> The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

*Id.*; s*ee also Nelson v. Whirlpool Corp.*, 727 F. Supp. 2d 1294, 1305 (S.D. Ala. 2010) ("the rule in analogous situations, considerations of policy, and the conclusions of other courts all reflect that the post-removal assertion of a viable cause of action against a fraudulently joined defendant does not strip the Court of subject matter jurisdiction that existed at the time of removal.").

Plaintiffs cite two cases to support post-amendment removal: *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978), and *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136 (1st Cir. 2004). In *Owen*, the plaintiff sued a diverse defendant in federal court, and subsequently amended her complaint to add a non-diverse defendant. 437 U.S. at 367-68. The Supreme Court held that the non-diverse defendant's motion to dismiss for lack of jurisdiction should have been granted because otherwise, "a plaintiff could defeat the statutory requirement of complete diversity by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead nondiverse defendants." *Id.* at 374. Here, Plaintiffs

3

did not amend their complaint to add non-diverse defendants in an effort to remain in federal court. Quite the opposite: Plaintiffs fraudulently joined a non-diverse defendant in the original complaint in an effort to remain in state court. Neither instance of forum shopping has a basis in the federal rules of procedure.

In *American Fiber*, the plaintiff amended its complaint to replace a diverse defendant with a non-diverse defendant, which, the First Circuit held, eliminated diversity jurisdiction. 362 F.3d at 141. "[T]he plaintiff was doing in two steps," the Court said, "what, if the plaintiff had done it in one, would have clearly disclosed the absence of federal jurisdiction." *Id*. *American Fiber*, like *Owen*, involves a plaintiff who wishes to remain in federal court after amending its complaint to *add* a non-diverse defendant. The facts are not analogous, and the holdings are not relevant, to a situation where a non-diverse defendant is fraudulently joined in the original complaint in order to defeat federal jurisdiction.

### III. CONCLUSION

As *Cavallini* and *Nelson* persuasively explain, whether joinder was fraudulent is determined according to the complaint as it existed at the time the petition for removal was filed. The Court's order that Global Insurance Agency was fraudulently joined in the original complaint is not superseded by new allegations in Plaintiffs' Amended Complaint. Plaintiff's Motion to Remand (Doc. No. 39) is DENIED. Plaintiffs response to Defendants Motion to Dismiss (Doc. No. 40) is due July 17, 2017.

Dated this 26th of June, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge